# MANIFOLD BUSINESS & INVESTMENT, INC.,
*Appellant,*

*v.*

## Lou MIXON,
*Respondent.*

### (94F 808 412; CA A83861)

888 P2d 103

Donald C. Walker argued the cause and filed the brief for appellant.

Frank Wall argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

## LEESON, J.

Plaintiff appeals from the dismissal of its Forcible Entry and Detainer (FED) action against defendant to recover possession of residential property following defendant's failure to vacate the premises. We reverse.

Defendant became a month-to-month tenant of plaintiff in 1978. On November 30, 1993, plaintiff mailed a notice advising defendant that she must vacate the premises by February 1, 1994. When defendant failed to vacate, plaintiff filed this FED action to recover possession. Defendant responded with a general denial, alleged an affirmative defense and counterclaimed on the ground that the premises had not been maintained in a habitable condition. ORS 90.320. The trial court found that plaintiff's notice was defective under ORS 90.910(2), and dismissed the complaint. It also awarded attorney fees and costs to defendant.

This case is governed by ORS chapter 90, the Residential Landlord and Tenant Act (RLTA). ORS 90.900(2) provides:

"The landlord or the tenant may terminate a month-to-month tenancy by giving to the other, at any time during the tenancy, *not less than 30 days' notice* in writing prior to the date designated in the notice for the termination of the tenancy." (Emphasis supplied.)

ORS 90.910(2) provides:

"Except as provided in subsection (3) of this section, if a notice under ORS 90.400, 90.405, 90.610, 90.630, 90.900 or 90.905 is served by mail, the minimum period for compliance or termination of tenancy, as appropriate, shall be extended by three days, and the notice shall recite the fact and extent of the extension."

Defendant contends that, because the notice did not recite the fact that ORS 90.910(2) requires that the landlord extend the minimum period for compliance by three days when notice of termination is sent by mail, plaintiff's notice was defective.

Plaintiff responds that the notice it served to defendant was adequate and that it met the purpose of the RLTA, because it gave her "not less than 30 days' notice in writing" before the date of termination. Defendant contends that the

purpose of the statutes is clear: "If you serve by mail you have to afford the tenant a net 30 days." Plaintiff provided defendant with 59 days' notice.

 Read together with ORS 90.900(2), the purpose of ORS 90.910(2) is to give *not less than 30 days' notice* of termination for a month-to-month tenancy. ORS 90.910(2) ensures that the party receiving notice have at least the 30 days required by ORS 90.900(2) if the notice is served by mail. Here, plaintiff gave defendant 59 days' notice. Therefore, it was not required to provide her with notice of the three-day extension.

Reversed and remanded.